IN RE FARREN.

[Cite as In re Farren (1970), 27 Ohio App. 2d 31.]

(No. 237—Decided October 13, 1970.)

*Messrs. Buckley & Miller,* for appellant.
*Mr. George Schilling,* for appellee.

STEPHENSON, J. This is an appeal on law and fact from a judgment of the Probate Court of Clinton County denying an application to terminate a trust created by the will of Minnie Farren, deceased, the will being admitted to probate on April 4, 1945. The application was filed by Mary Louise Toland, appellant herein, who was the residuary legatee under the will.

Item 7 of the will created the trust and is in the following form:

"I give devise and bequeath to Howard Hudson, of Wilmington, Ohio, my residence property located at 353 East Locust Street, Wilmington, Ohio, and my rental property located at 363 East Locust Street, Wilmington, Ohio, in

trust however, to hold and control, hereby authorizing and empowering my said trustee to rent or to sell and convey the property, to execute deeds or other proper instruments of conveyance for all of said real estate at such prices and on such terms and conditions as such trustee may deem best; with power to lease or rent on such terms or conditions as my trustee shall deem best; I further empower and authorize said trustee to invest and re-invest all monies coming into his possession in event he sells said real estate, and pay the net income, whether by rental of said real estate, or from invested funds resulting from the sale of said real estate, in quarterly payments each year to the Hale Hospital of Wilmington, Ohio, for the care of indigent patients or to the owner, owners or ownership of said Hospital, to be used by said owner, owners or ownership for the care of indigent in said Hospital, Wilmington, Ohio.''

The Clinton County National Bank and Trust Company is the present trustee and, by answer, joined in the prayer of applicant for a termination of the trust. The Attorney General of Ohio, by virtue of R. C. 109.23 through 109.33, filed an answer alleging the trust to be charitable and opposing its termination.

The application to terminate the trust was precipitated by the closing, in 1964, of Hale Hospital, named in item 7 of the will. The theory upon which applicant is proceeding is that the will created a trust, not charitable but private in nature, the beneficiary of which was Hale Hospital, owned and privately operated by Dr. William Kelly Hale, and upon closure of the hospital, the purpose of the trust could no longer be satisfied. It is urged that the transcript of evidence supports this conclusion in that it reflects in the surrounding circumstances at the time of the execution of her will a close personal friendship of the testatrix with Dr. Kelly, and a knowledge that Hale Hospital had financial difficulties, due to the treatment of those unable to pay, which required the costs of the operation of the hospital to be supplemented by Dr. Hale from his own funds. The Attorney General urges the view that the use of the words ''for the care of indigent patients'' created a charitable

trust which should continue in existence by application of the doctrines of *cy pres* and deviation.

The dispositive issue thus presented in this appeal is whether the trust was private or charitable and it must be resolved by a determination of whom the testatrix intended to benefit by the creation of her trust. In making this determination, we are, of course, guided by the fundamental rule that in interpreting a will, a court should determine and give effect to the intention of the devisor as it may be ascertained from the whole of the instrument in light of the surrounding circumstances at the time of its execution.

We have concluded that it was not intended by the testatrix to personally benefit Hale Hospital or Dr. Kelly. We observe first that the term "care of indigent" is set forth not once but twice in item 7. The wording of the purpose of the payment is not precatory in nature but, rather, specific, clear and unambiguous. We observe, also, an absence of any provision for the termination of the trust in the event Hale Hospital or its successor ceased to exist. See *Danner* v. *Shanafelt*, 159 Ohio St. 5.

The argument advanced that the close personal relationship of the testatrix and Dr. Kelly was such that she wished to aid him for his unpaid care of the indigent would perhaps be persuasive if item 7 terminated after the phrase "in quarterly payments each year to Hale Hospital of Wilmington, Ohio, for the care of indigent patients." The logic and force, however, of this reasoning is diminished by the inclusion of the additional phrase "or to the owner, owners or ownership of said Hospital, to be used by said owner, owners or ownership for the care of indigent in said Hospital, Wilmington, Ohio." It is clear that she intended the payments from the trust to continue whoever might be the owners. However, it is neither reasonable nor logical to us that she would also intend to personally benefit some future unknown owner who might or might not continue the policy of free treatment of indigents.

We conclude, therefore, that she intended to benefit that class of the community that was indigent and in need of medical treatment, and, hence, the trust was charitable.

Even though the trust was charitable, did the closure of Hale Hospital require its termination? The Attorney General urges the application of both the doctrines of *cy pres* and deviation. The distinction between the two is as follows. The doctrine of deviation is applicable also to private trusts, requires no finding of general charitable intent, and relates to matters of administration but not to the purpose of the trust. Under the *cy pres* doctrine, the application of the trust property is permitted for a charitable purpose other than that designated in the trust instrument. See 4 Scott on Trusts, Section 399. The trial court applied the doctrine of deviation and directed the income payable to Clinton Memorial Hospital for aid of indigent patients. While this is a law and fact appeal and we reach our decision independent of that of the trial court, we are in accord with that reasoning and, thus, we deem it unnecessary to consider the doctrine of *cy pres*. Particularly is this so since at the time of execution of the will, as stipulated in the transcript, Hale Hospital was the only hospital in Clinton County. By our view, it was simply the agency through which the monies from the Trust Property were funnelled for the benefit of the indigents. Since it is a matter of administration and not trust purpose which is involved, the controlling principle is aptly set forth in paragraph twelve of the syllabus of *Craft* v. *Shroyer*, 81 Ohio App. 253, wherein it states:

"Where it appears that compliance with the terms of the trust is impossible, illegal, impracticable or inexpedient, or that, owing to circumstances not known to the settlor and not anticipated by her, compliance would defeat or substantially impair the accomplishment of the purpose of the trust, the court, in the exercise of its general equity powers over the administration of the trust, will order a deviation."

*Judgment accordingly.*

HESS and PUTMAN, JJ., concur.

STEPHENSON, J., of The Fourth Appellate District, and PUTMAN, J., of the Fifth Appellate District, sitting by assignment in the First Appellate District.