MARTIN, EXRX., APPELLEE, *v.*
NORTH HILL CHRISTIAN CHURCH;
HAMMEL-ACTUAL COLLEGE, INC., ET AL., APPELLANTS.

(No. 9006—Decided January 24, 1979.)

*Mr. Robert B. Romweber,* for appellee.
*Mr. A. P. Feldman,* for co-guardians of Robert Neale McBee, Jr., David Lee McBee and Christopher Lee McBee.
*Mr. John W. Johnson,* for appellant Hammel-Actual College, Inc.
*Mr. Robert L. Culbertson,* for appellant Sula Neale McBee.

VICTOR, J.  This action for a declaratory judgment by

plaintiff-appellee, Pernie Martin, executrix of the estate of Charles A. Neale, seeks a construction of Item XIII of the decedent's will. Item XIII reads as follows:

"Any and all monies remaining in my estate account after the foregoing willed items are satisfied, shall be distributed as follows: One-half set up as a student loan fund, to be administered by the Board of Directors of Hammel Business University, Inc., one-fourth to the North Hill Christian Church, and the remaining one-fourth added to the educational funds of my great grand sons: Robert Neale McBee, Jr., David Lee McBee and Christopher Lee McBee in equal amounts, their parents to be guardians of said funds."

Pursuant to the will, testator's shares (83 percent of the shares outstanding) in Hammel Business University, Inc., a corporation for profit, were sold after Neale's death. In 1969, International Telephone & Telegraph Company purchased all the shares outstanding and in December 1974, ITT Educational Services, Inc., a Delaware Corporation, merged with Hammel Business University, Inc. At that time, Hammel Business University, Inc., ceased to exist. In March 1977, MEDA, an Ohio corporation, purchased the assets previously owned by Hammel Business University, Inc., from ITT Educational Services, Inc., and formed Hammel-Actual College, Inc., as an Ohio corporation for profit. MEDA owns all of the stock of Hammel-Actual College, Inc.

The Probate Court ruled that the student loan fund trust had lapsed since Hammel Business University, Inc., no longer existed and because the trust was indefinite and uncertain. The Probate Court then ordered these funds to be divided between the surviving residuary legatees, the church and the great grandchildren: one-half to the church; one-half to the great grandchildren. That order is challenged in this appeal by Hammel-Actual College, Inc., and Sula Neale McBee, the testator's daughter.

Defendant-appellant Hammel-Actual College, Inc., urges that the court erred in failing to (1) apply the doctrines of deviation and *cy pres* to save the trust and (2) to distinguish between a private and charitable trust.

The loan fund trust was not a charitable trust. The parties admit that Hammel Business University, Inc., was always an Ohio corporation for profit and operated for the

benefit of the shareholders. A trust established to help maintain such an institution is not a charitable trust. See 2 Restatement of Trusts 2d 265, Section 376 and comment *a* pertaining to that section. Additionally, we find a lack of general charitable intent on the part of Neale in establishing the loan fund. Whom did Neale intend to benefit by the creation of the loan fund? Certainly not students generally, but only those attending Hammel Business University, Inc. Considering Neale's close personal relationship to Hammel Business University, Inc., and the absence of any provision in the will to carry the loan fund over to another institution if the original corporation ceased to exist, we conclude that the gift was limited to the specific school and its students. Compare, *In re Farren* (1970), 27 Ohio App. 2d 31, 33. This is not to say that one cannot establish a charitable trust limited to students attending a particular school where a general charitable intent is shown to exist and the institution is a nonproprietary institution.

Thus, when Hammel Business University, Inc., ceased to exist, the purpose of the trust could not be satisfied and the gift lapsed unless the aforementioned doctrines can be applied to save it. Judicial policy favors a liberal interpretation of trust instruments to save trusts which have been rendered impossible or impractical of fulfillment. Under the doctrine of *cy pres,* the trust *res* can be applied to a purpose different from that specified in the instrument to carry out the general charitable intent of the settlor. The doctrine, however, is applicable to charitable trusts only. *Heinlein* v. *Elyria Savings & Trust Co.* (1945), 75 Ohio App. 353.

Can the court, through its general equity powers, invoke the doctrine of deviation and transfer the administration of the loan fund to the directors of Hammel-Actual College, Inc.?

While this doctrine is applicable to both private and charitable trusts and requires no general charitable intent, it applies to administration only and not to purpose. Therefore, this doctrine cannot be used to overcome a finding that the purpose was to specifically benefit Hammel Business University, Inc., or that its directors alone had discretion to administer the trust in light of the testator's relationship to them. *Craft* v. *Shroyer* (1947), 81 Ohio App. 253, 272-273 and 275. One can argue that, since the sale of the testator's stock

was required by his will, testator's failure to provide for the termination of the corporation is a manifestation of his intent to make the bequest only so long as the original corporation continued in existence. Deviation is used to compensate for circumstances unanticipated by the settlor, not those he contemplates but for which he does not provide. Thus, we determine that neither doctrine is available to save this trust.

Defendant-appellant Sula Neale McBee, testator's sole heir-at-law, does not contest the lapse of the trust, but contends that the amount of the trust should pass as intestate property. To support her position, appellant cites our previous decision in this case, *Martin* v. *North Hill Christian Church* (Summit Co. Ct. App. No. 7474, Decided March 5, 1975), unreported, holding that the final clause of the will was not a general residuary clause and that real property not disposed of in the will passed as intestate property. That decision has no bearing on this case. Item XIII was recognized as being residuary in nature but limited in scope and inapplicable to the real property.

A lapse in a part of a residuary bequest is divided among the remaining residuary legatees unless the testator's intent demands a different disposition. *Commerce National Bank* v. *Browning* (1952), 158 Ohio St. 54. We find no contrary intent of the testator here. Appellant Sula Neale McBee, contends that *Browning, supra,* applies only where a general residuary clause exists, not where the scope of the residuary clause is limited. We disagree.

Where a bequest of property that is already a part of the residue fails, such bequest passes to the remaining residuary legatees and does not become intestate property. The rule is applicable whether the residuary clause is general or limited so long as the lapsed bequest itself is a part of the residue. The limitations placed on Item XIII restricted the property which might fall into it, but it did not affect the operation on property already within its scope. The residuary clause was intended to dispose of the balance of the "estate account" and affects those funds as determined by the Probate Court.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P. J., and BELL, J., concur.